UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

HENRY VEGA,

                        Petitioner,                    **MEMORANDUM AND ORDER**

      -against-                                      06-CV-3246 (ERK)

JAMES WALSH, Superintendent,
Sullivan County Correctional Facility,

                        Respondent,

------------------------------------X

Korman, Ch. J.

      On January 5, 2007, I denied the petition for a writ of habeas corpus filed by Henry Vega. I addressed the principal issue he raised as follows:

> Petitioner alleges that the trial judge erred in failing to charge the jury on the defense of entrapment pursuant to the N.Y. Penal Law § 40.05. Because the Supreme Court has specifically held that this defense "is not of constitutional dimension," United States v. Russell, 411 U.S. 423, 433 (1973), whether the defense should be available to a defendant and whether the failure to charge the defense is correct, are purely matters of New York State law that are not subject to review in a habeas corpus proceeding.
>
> This case is distinguishable from Jackson v. Edwards, 404 F.3d 612 (2d Cir. 2005), which involved the failure to charge the defense of justification. Justification in New York is a defense —not an affirmative defense. Id. at 622. "[W]hen such a defense is raised on a proper evidentiary record, the People bear the burden of disproving it beyond a reasonable doubt." Id. quoting Davis v. Strack, 270 F.3d 111, 124 (2d Cir. 2001). Stated another way, the absence of justification is an element of the offense that must be proven beyond a reasonable doubt. People v. McManus, 67 N.Y.2d 541 (1986). Thus, the failure to charge the defense relieves the prosecution of proving an essential element of the offense beyond a reasonable doubt—a violation of the Due Process Clause (unless the error is harmless).

>Entrapment is a defense of a different nature; it is an affirmative defense, as which the defendant bears the burden of proof by a preponderance of the evidence. People v. Laietta, 30 N.Y.2d 68 (1972), William C. Dennino, Practice Commentaries, 39 McKinneys Consolidated Laws of New York, § 25.00 at 167-68 and § 40.05 at pp. 280-81. Because the defense does not "negate the commission of the crime charged or the existence of any element thereof," People v. Millard, 90 A.D 2d 590, 595 (3rd Dep't 1982), there is no basis for holding that the failure to charge the defense, any more than the failure to recognize such a defense, rises to the level of a Due Process [Clause] violation. Under these circumstances, it would not be appropriate to engage in a review of the record to determine whether the New York courts unreasonably applied New York law.

Petitioner now seeks a certificate of appealability to press this claim in the Second Circuit. In Gilmore v. Taylor, 508 U.S. 333 (1993), the Supreme Court observed that "[o]utside of the capital context, we have never said that the possibility of a jury misapplying state law gives rise to federal constitutional error. To the contrary, we have held that instructions that contain errors of state law may not form the basis for federal habeas relief." Id. at 342. Specifically addressing the issue in the case before it, the Supreme Court continued: "The most that can be said of the instructions given at respondent's trial is that they created a risk that the jury would fail to consider evidence that related to an affirmative defense, with respect to which Winship's due process guarantee does not apply." Id. at 343. This did not warrant habeas corpus relief.

Nor did the Supreme Court have any sympathy for the defendant's argument that "the right to present a defense includes the right to have the jury consider [his affirmative defense], and that confusing instructions on state law which prevent a jury from considering an affirmative defense therefore violate due process." Id. at 344. The Supreme Court

2

expressly rejected the argument. In so doing, it held that "such an expansive reading of our cases would make a nullity of the rule reaffirmed in Estelle v. McGuire, [502 U.S. 62 (1991)], that instructional errors of state law may not form the basis for federal habeas relief." Id.; see also Allen v. Redman, 858 F.2d 1194, 1200 (6th Cir. 1988).

Notwithstanding the holdings in Gilmore and Estelle, petitioner claims that he is entitled to a certificate of appealability that would permit him to raise on appeal the issue that "his federal due process rights were violated by the state court refusal of his request for an entrapment charge" — an affirmative defense that "lacks a constitutional dimension." United States v. Taylor, 2007 WL 162706, at *3 (2d Cir. Jan. 23, 2007).

While I would ordinarily deny the certificate in the face of Supreme Court cases that compel the rejection of petitioner's legal argument, there is language in Second Circuit opinions that seem to support the argument petitioner seeks to raise on appeal. See Jackson, 404 F.3d at 627-28; Davis v. Strack, 270 F.3d 111, 133 (2d Cir. 2005). While these cases are distinguishable from this case for the reason outlined in the memorandum and order denying the writ, granting the certificate seems to be the more appropriate disposition of petitioner's application for a certificate of appealability. This was the approach I took in Lopez v. Riley, 865 F.2d 30 (2d Cir. 1989), where I granted a certificate in analogous circumstances and the Court of Appeals used the opportunity to clarify the law.

**Conclusion**

I grant the certificate of appealability. Because the second issue petitioner presses, which relates to the disclosure of the confidential informant, appears to turn on petitioner's entitlement to an entrapment charge, I grant the certificate as to both issues.

**SO ORDERED:**

Brooklyn, New York
February 16, 2007

*Edward R. Korman*
Edward R. Korman
United States Chief District Judge